(25 Misc. Rep. 770.)

McCALL CO. v. REINHARDT et al.

(Supreme Court, Appellate Term. January 23, 1899.)

APPEAL—REVIEW—STIPULATIONS.

A stipulation of the parties that if the trial court should find that the contract in dispute was valid, and that a notice given by defendant was insufficient to terminate it, and that plaintiff was entitled to recover, then judgment should be entered for plaintiff, otherwise judgment for defendant, precludes a review of the question of the measure of damages on appeal.

Appeal from municipal court, borough of Manhattan, Third district.

Action by the McCall Company against Reinhardt & Co. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

James B. Sheehan, for appellants.

William A. McQuaid, for respondent.

BEEKMAN, P. J.  We think that the instrument sued on, styled the "contract order," was a complete agreement, containing all the requisite elements to constitute a binding obligation.  It was undoubtedly accepted by the plaintiff.  Indeed, its signature to the so-called guaranty at the foot of the paper is incontestable evidence of the fact, and was, in effect, a subscription to the contract to which it refers.  Although the "contract order" does not in express terms contain a stipulation on the part of the plaintiff to manufacture and deliver to the defendants the articles therein described, we think that there was such an obligation, according to the tenor of the instrument, and that there was therefore sufficient consideration to support the engagement into which the defendants entered.  Service Co. v. Hartung (Com. Pl.) 19 N. Y. Supp. 233.  The defendants therefore had no right, as a matter of law, to terminate the contract at will before the time specified for its duration had elapsed.

The question of the measure of damage for the breach is not an open one here, in view of the stipulation of the parties, which appears in the record, that if the trial court should find that the contract was a valid one, that the notice given by the defendants to the plaintiff was insufficient to legally terminate the same, and that the plaintiff was entitled to a recovery, "then judgment shall be entered for plaintiff, otherwise judgment for defendants."  The only interpretation which can properly be given to this stipulation is that if the court should find in favor of the plaintiff upon the questions of law specified, and that plaintiff was therefore entitled to recover, judgment should be entered accordingly for the amount of the claim.  This was done, and, as the court properly decided the issues in favor of the plaintiff, it follows that the judgment should be affirmed.

Judgment affirmed, with costs.  All concur.